# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                             Elisabeth A.
Shumaker
Clerk                                                             Chief Deputy Clerk

September 30, 1996


**TO:** All Recipients of the captioned Order and Judgment

**RE:** 95-9548 Eid v. INS
September 20, 1996


Please be advised of the following correction to the captioned decision:

Due to technical difficulties, the last two lines of the first page were deleted. The first paragraph should read: "After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument."

Please make the appropriate correction.


Very truly yours,

Patrick Fisher, Clerk



Susan Tidwell
Deputy Clerk

**Filed 9/20/96**

MAGDY MOHAMED OMAR
MUSTAFA EID,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 95-9548
(INS No. A73-019-466)
(Petition for Review)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this petition for review. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Magdy Mohamed Omar Mustafa Eid petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his requests for asylum and withholding of deportation. Mr. Eid asserts that, contrary to the IJ's determination, he has shown both past persecution and a well-founded fear of future persecution should he be deported to his native Egypt. We affirm.

In 1988, Mr. Eid entered the United States on a nonimmigrant visitor's visa with authorization to remain in the United States for three weeks. In 1994, he was stopped by federal officers and charged with speeding and DUI in Grand Teton National Park. While those charges were later dismissed, Mr. Eid was charged with being deportable for overstaying his visa. Mr. Eid conceded deportability but sought asylum or suspension of deportation.

An otherwise deportable alien may seek relief from deportation by requesting asylum and/or withholding of deportation. <u>Hadjimehdigholi v. INS</u>, 49 F.3d 642, 646 (10th Cir.1995).

To qualify for a grant of asylum, "the alien must establish that he is a refugee by proving either past persecution or a 'well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group,

or political opinion.'" Rezai v. INS, 62 F.3d 1286, 1289 (10th Cir.1995) (quoting 8 U.S.C. §1101(a)(42)(A)). We review the BIA's factual finding that an alien is not a refugee for substantial evidence. Id. Therefore, we will uphold the BIA's conclusion if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole," 8 U.S.C. § 1105a(a)(4), and will not reverse unless the asylum applicant presents evidence "so compelling that no reasonable factfinder could fail to find the requisite [persecution or] fear of persecution," INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Mr. Eid asserted that he entered the United State because he was fleeing from a Jihad[1] death threat imposed because he had been a police informer identifying members of Jihad. He testified that after learning of the threat, he spent two months closing down his business before he left Egypt. However, on appeal to the BIA, counsel claimed Mr. Eid had left Egypt the night he was warned of the threat. Counsel asserted Mr. Eid testified to the IJ that he waited two months to leave so as not to embarrass his law student representative who apparently had presented those facts in materials previously submitted to the IJ.

---

[1]     Jihad is a secret fundamentalist Islamic organization which has as its goal the overthrowing of the secular Egyptian government by means of a "Holy War." Administrative R. at 168. Jihad is notorious for killing suspected traitors in a brutal manner. Id.

Counsel conceded the IJ may have reasonably suspected that Mr. Eid was not being truthful in his testimony. The BIA found Mr. Eid to not be credible.

Mr. Eid also claimed he had been arrested and tortured by the Secret Service Egyptian police in 1979 because he was suspected of being a member of Jihad. He apparently was subjected to intense and physically abusive interrogation. After determining he was not a member of Jihad, Mr. Eid was released. Mr. Eid identified no other incidents with the police and indeed continued to live in Egypt and run a business until he left in 1988.

Mr. Eid claimed he fears persecution upon his return to Egypt from either Jihad because of the death threat or from Egyptian authorities because he will be suspected as being a member of Jihad as he has been absent for a long period of time and wears a beard. Mr. Eid presented no evidence to substantiate this claim. Further, the record contains a letter from his daughter expressing her opinion that Mr. Eid would face no problems if he returns to Egypt on his own rather than as a deportee. She also stated there were no "cases" against Mr. Eid in Egypt.

The record contains "reasonable, substantial and probative evidence," 8 U.S.C. § 1105a(a)(4), to support the BIA's determination. No evidence compels a conclusion that Mr. Eid has suffered persecution or has a well-founded fear of persecution. See Elias-Zacarias, 502 U.S. at 481 n.1.

-4-

To establish eligibility for withholding of deportation, "the alien must prove a 'clear probability of persecution' upon deportation." <u>Renzai</u>, 62 F.3d at 1289 (quoting <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987)).  The clear probability standard of proof is stricter than the well-founded fear of persecution standard used for asylum and leaves the Attorney General no discretion to withhold deportation.  <u>See</u> 8 U.S.C. § 1253(h)(stating that the Attorney General *shall not* deport an alien if the Attorney General determines the alien's life or freedom would be threatened upon his return based on identified factors).

As Mr. Eid cannot meet the threshold burden of establishing statutory eligibility for the grant of asylum, he clearly cannot meet the tougher standard required for withholding of deportation.  <u>See</u> <u>Rezai</u>, 62 F.3d at 1289.

The order of the Board of Immigration Appeals is AFFIRMED.  Respondent's motion to strike the exhibits attached to Mr. Eid's brief is GRANTED.  <u>See</u> 8 U.S.C. § 1105a(a)(4)(our review is limited to the administrative record presented to the agency).  Respondent's motion to strike Mr. Eid's brief and to dismiss the petition for review is DENIED, although we note counsel's failure to comply with Fed. R. App. P. 28(e) and advise him to comply with court rules in the future.

Entered for the Court


Wade Brorby
Circuit Judge